**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSHUA HERDER,<br>Petitioner, | : | |
| v. | : | CIVIL ACTION NO. 22-CV-2365 |
| WARDEN OF SCI-WAYMART, *et al.*,<br>Respondents. | : | |

# ORDER

**AND NOW**, this 4th day of August, 2026, upon consideration of the Petition for Writ of Habeas Corpus filed by Petitioner Joshua Herder (ECF No. 1), the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski (ECF No. 82), and the Court noting that no objections were filed by Petitioner, **IT IS HEREBY ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge Lynne A. Sitarski (ECF No. 82) is **APPROVED** and **ADOPTED**;[1]

[1] The Court notes that Petitioner filed no objections to the Report and Recommendation. Having independently reviewed Judge Sitarski's Report and Recommendation, the Court concludes that the Petition for Writ of Habeas Corpus is untimely. As explained below, the Court finds Judge Sitarski's analysis regarding the expiration of the limitations period, the absence of any later accrual date, and the inapplicability of equitable tolling to be thorough and supported by the record.

Petitioner's judgment became final on April 22, 2009, when he took no further action following his conviction and sentencing. Under 28 U.S.C. § 2244(d)(1), Petitioner had one year from that date, or until April 22, 2010, to file a timely federal habeas petition. Petitioner did not file the present habeas petition until June 14, 2022, well beyond the expiration of the limitations period.

The Court agrees that Petitioner is not entitled to a later limitations start date. Judge Sitarski considered whether statutory or equitable tolling could salvage the untimely petition and correctly concluded that neither applies. The record demonstrates that Petitioner knew, or with reasonable diligence, could have discovered the factual bases for his claims before the limitations period expired.

As to extraordinary circumstances, Petitioner asserts that his untimeliness should be excused because he is "poor" and therefore requires appointed counsel. However, neither indigent nor *pro*

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is **DIMISSED**;

3. Petitioner's Motion for Miscellaneous Relief (ECF No. 68) is **DENIED**;[2]

4. Petitioner's Motion to Vacate (ECF No. 69) is **DENIED**;

5. There is no basis for the issuance of a certificate of appealability;[3]

6. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

*se* status constitutes an extraordinary circumstance for purposes of equitable tolling. *See Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013). Moreover, the record reflects that Petitioner has already been appointed three different attorneys in this matter, each of whom subsequently withdrew after irreconcilable differences over litigation strategy arose between them and Petitioner. *See* Orders, at ECF Nos. 12, 32, 36, 38, 62. These circumstances do not justify equitable tolling and do not alter the conclusion that the Petition is untimely.

For these reasons, the Court adopts the Report and Recommendation (ECF No. 82) in its entirety.

[2] If this Motion seeks to terminate Attorney Jonathan Fineberg as Petitioner's attorney, it was moot when filed, as this request was granted on August 6, 2025. *See* Order, at ECF No. 62. The remainder of Petitioner's Motion (ECF No. 68) re-raises arguments raised in his Habeas Petition.

[3] Courts should only issue a certificate of appealability ("COA") if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits… [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If, however, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Here, Petitioner has failed to meet his burden to show that a certificate of appealability should issue in this case.